## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## NEW ALBANY DIVISION

| | |
|---|---|
| TAYLOR MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 4:21-cv-161 |
| | ) |
| AUSTIN TRI-HAWK AUTOMOTIVE, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Taylor Martin ("Martin" or "Plaintiff"), by counsel, brings this action against Defendant, Austin Tri-Hawk Automotive, Inc. ("Defendant"), alleging violations of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et. seq.,* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq.*, and the Family and Medical Leave Act of 1993, ("FMLA"), as amended, 29 U.S.C. §2601 *et. seq.*

### II. PARTIES

2. Martin is a resident of Scott County in the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a domestic corporation that systematically conducts business within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367; 42 U.S.C. §12117; 42 U.S.C. § 2000e-5(f)(3); and 29 U.S.C. §2617(a)(2).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A); 42 U.S.C. §2000e(b); and 29 U.S.C. §2611(4).

6. Martin was an "employee" as that term is defined by 42 U.S.C. §12111(4) and 42 U.S.C. §2000e(f).

7. Martin, at all times relevant, was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

8. Martin is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§12102(2) and 12111(8) and/or Defendant knew of Martin's disability and/or regarded Martin as being disabled and/or Martin had a record of being disabled.

9. Martin satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging disability discrimination. Martin received the required Notice of Suit Rights and timely files this action.

10. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

11. Martin, female, was hired by Defendant as an Electrical Engineer Tech on or about October 4, 2017.

12. On or about August 17, 2018, Martin transferred to a Quality Engineer Tech, where she began reporting to Kosuke Tanaka, Production Control Manager. Throughout her time reporting to Tanaka, he harassed Martin because of her gender. He micromanaged her and took pictures and videos of her working. Similarly situated male employees were not micromanaged, photographed, or filmed while working.

13. At all relevant times, Martin met or exceeded Defendant's legitimate performance expectations.

14. Martin suffers from an Anxiety Disorder. Her disorder causes frequent panic attacks, which completely incapacitates her and, therefore, substantially limits her in one or more major life activities. Martin requested and was approved for intermittent leave under the FMLA for her disability.

15. In or about 2020, Defendant changed its attendance policy to allow employees to recover a half (½) of an attendance point per month, on the condition that the employee does not have any absences that month. However, if an individual uses FMLA, they are not able to recover their half (½) of an attendance point. This policy discriminates against individuals with a disability, like Martin, and those who use FMLA.

16. Under Defendant's policy, if you accumulate six (6) points, your employment will be terminated. Martin, who was at 5 points, could not recover attendance points due to her disability and need for FMLA. Defendant unlawfully kept her, and other disabled individuals and/or individuals who require FMLA, on the brink of termination indefinitely.

17. On or around March 13, 2020, Martin filed a Charge of Discrimination with the EEOC against Defendant alleging discrimination based on her sex and her disability. Her EEOC Charge number was 470-2020-01999.

18. On or around June 2, 2020, Martin was absent from work a fever and other symptoms that placed her out on quarantine until June 18, 2020. Martin provided a doctor's note including the date she was permitted to return to work. Per Defendant's policy, Martin was to be absent without accumulating attendance points.

19. On or around June 25, 2020, Defendant terminated Martin's employment. Defendant stated that Martin had exceeded her allowed points per Defendant's attendance policy, citing her latest absence due to illness and quarantine. Per Defendant's own policy, at the time of her discharge, Martin had not accumulated sufficient attendance points to warrant termination under Defendant's policy.

## V. CAUSES OF ACTION

### COUNT I: DISABILITY DISCRIMINATION

20. Martin hereby incorporates by reference paragraphs one (1) through nineteen (19) as if the same were set forth at length herein.

21. Defendant discriminated against Martin in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. 12101, *et. seq.* by subjecting her to disparate treatment due to her disability.

22. Defendant's actions were intentional, willful and in reckless disregard of Martin's rights as protected by the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.*

23. Martin has suffered damages as a result of Defendant's actions.

### COUNT II: ADA RETALIATION

24. Martin hereby incorporates by reference paragraphs one (1) through twenty-three (23) as if the same were set forth at length herein.

25. Martin engaged in protected activity under the ADA.

26. Defendant terminated Martin's employment because she engaged in protected activity under the ADA.

27. Defendant's actions were intentional, willful and in reckless disregard of Martin's rights as protected by the ADA.

28. Martin has suffered damages as a result of Defendant's actions.

## COUNT III: SEX DISCRIMINATION

29. Martin hereby incorporates by reference paragraphs one (1) through twenty-six (26) as if the same were set forth at length herein.

30. Defendant discriminated against Martin on the basis of her sex.

31. Defendant's actions were intentional, willful and in reckless disregard of Martin's rights as protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq.*

32. Martin suffered damages as a result of Defendant's unlawful actions.

## COUNT IV: FMLA INTERFERENCE

33. Martin hereby incorporates by reference paragraphs one (1) through thirty (30) as if the same were set forth at length herein.

34. Defendant unlawfully interfered with the exercise of Martin's rights under the FMLA.

35. Defendant's actions were intentional, willful, and in reckless disregard of Martin's rights as protected by the FMLA.

36. Martin suffered damages as a result of Defendant's unlawful actions.

## COUNT V: FMLA RETALIATION

37. Martin hereby incorporates by reference paragraphs one (1) through thirty-six (36) of her Complaint as if the same were set forth at length herein.

38. Defendant retaliated against Martin for exercising her rights under the FMLA.

39. Defendant's actions were intentional, malicious and done with reckless disregard for Martin's legally protected rights as protected by the FMLA.

40. Martin has suffered damages as a result of Defendant's actions.

## COUNT VI: TITLE VII RETALIATION

41. Martin hereby incorporates by reference paragraphs one (1) through forty (40) as if the same were set forth at length herein.

42. Martin engaged in protected activity under Title VII.

43. Defendant terminated Martin's employment because she engaged in protected activity under Title VII.

44. Defendant's actions were intentional, willful and in reckless disregard of Martin's rights as protected by Title VII of the Civil Rights Act of 1964/

45. Martin suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Taylor Martin, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her sex or disability;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages for Defendant's violations of the ADA and Title VII;

5. Punitive damages for Defendant's violation of the ADA and Title VII;

6. Liquidated damages for Defendant's violation of the FMLA;

7. Costs and attorney's fees incurred as a result of bringing this action;

8. Pre- and post-judgement interest on all sums recoverable; and

9. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

*s/Ryan Sullivan*
Ryan Sullivan, #34217-64
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: rsullivan@bdlegal.com
*Counsel for Plaintiff, Taylor Martin*

## DEMAND FOR JURY TRIAL

Plaintiff, Taylor Martin, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

*s/Ryan Sullivan*
Ryan Sullivan, #34217-64
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: rsullivan@bdlegal.com
*Counsel for Plaintiff, Taylor Martin*